```
                  UNITED STATES DISTRICT COURT
                    DISTRICT OF NEW JERSEY

JORGE GARCIA, et al.,         :
                              :    HONORABLE JOSEPH E. IRENAS
          Plaintiffs,         :
                              :    CIVIL ACTION NO. 09-2668 (JEI)
     v.                       :
                              :              OPINION
FREEDOM MORTGAGE CORPORATION, :
                              :
          Defendant.          :
```

**APPEARANCES:**

Vincent M. Giblin, Esq.
PITTA & GIBLIN LLP
120 Broadway
28 Floor
New York, NY 10271
     Counsel for Plaintiffs

Heidi R. Burakiewicz, Esq.
WOODLEY & MCGILLIVARY
1125 15th Street, NW
Suite 400
Washington, D.C. 20005
     Counsel for Plaintiffs

William H. Healey, Esq.
Phillip G. Ray, Esq.
MANDELBAUM, SALSBURG, GOLD, LAZRIS & DISCENZA, PC
155 Prospect Avenue
West Orange, NJ 07052
     Counsel for Defendant

**I.**

Pursuant to the Court's September 18, 2009 order, Plaintiffs and Defendant submitted briefs on the renewed request for

1

conditional certification of the collective action under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 216(b). Plaintiffs ask the Court to certify their collective action, approve a notice to be sent to prospective collective action members, including two subclasses, loan officers and loan processors, and finally request the Court to order the Defendant to produce the names and contact information of the prospective members. Defendants oppose all three of Plaintiffs' request, particularly the inclusion of branch loan officers in the notice, and in the alternative, request certain limitations be placed on any notice sent out to prospective collective action members.

Defendant argues that, even though there is a low standard for conditional certification, Plaintiffs have not met their burden of producing sufficient evidence that they and prospective class members are similarly situated. Defendant also contends that because two possible exemptions from the FLSA overtime payment requirement might apply to the loan officers (the administrative exemption and outside sales exemption), that discovery with regards to these would be inefficient and against Congressional intent.

For the reasons set forth below, the Court grants all three of the Plaintiffs' requests including the inclusion of branch loan officers within the loan officer subclass. With regards to the proposed notice, the Court agrees an 120 day opt-in period is

appropriate and orders that information regarding statute of limitations pertinent to the FLSA is included in the notice.

### A.

Plaintiffs filed their original complaint, a collective action under the FLSA, on January 29, 2009, in the United States District Court for the Central District of California against Freedom Mortgage Corporation ("Freedom"). Upon joint stipulation this case was transferred to the District of New Jersey on May 29th, 2009.[1] On July 2, 2009, Plaintiffs filed a Motion Requesting Expedited Court Authorized Notice to Prospective FLSA Collective Action Members (First Motion for Certification). Docket No. 57. Defendant responded on August 3, 2009 with a Memorandum of Law in Opposition to Plaintiffs' Motion for Conditional Certification (First Opp. Br.). Docket No. 69. On September 18, 2009, the Court consolidated *Garcia* with an almost identical complaint, *Perry*[2], and designated *Garcia* plaintiffs the named lead plaintiffs in the case. The Court also requested Plaintiffs resubmit their motion for conditional certification and scheduled a hearing to resolve any issues raised by the parties.

---

[1] The Court has jurisdiction over this matter pursuant to the FLSA, 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337.

[2] *Perry v. Freedom Mortgage Corp.*, No. 09-0856.

**B.**

Defendant challenges all aspects of the Plaintiffs' requested collective action certification. In its First Opposition Brief, Defendant contended Plaintiffs' request should be denied because they failed to supply adequate evidence that similarly situated employees were affected by a common policy of Defendant. Defendant also alleged that because Plaintiffs might fall into one of the FLSA exempt categories, outside sales or administrative, they were not similarly situated. First Opp. Br., 1; 29 C.F.R. §§ 541.200, 541.500.

Defendant's argument in its second brief is entirely focused on the inclusion of branch loan officers along with the call center loan officers, in the loan officers subclass. Because branch loan officers at times work outside of the employer's office[3], Defendant claims, they fit into the outside sales exemption for the overtime payment required under the FLSA. Therefore, Defendant contends, because certain plaintiffs might fit into an exempt category, their possible exemption might require a case-by-case determination of their status, and they are not similarly situated for collective action purposes.

---

[3]Defendant also made a series of claims, during oral argument, that branch loan officers' duties include buying mortgages in bulk from other mortgage institutions, such as banks. Defendant provided no evidence of such duties besides the assertions made by counsel. The Court disregards these claims as not properly asserted.

**II.**

Under 19 U.S.C. § 216(b), an employee who feels his/her right to receive overtime compensation has been violated may bring an action "for and in behalf of himself or themselves and other employees similarly situation." The term "similarly situated" is not defined in the FLSA. In "the absence of guidance from the Supreme Court and Third Circuit, district courts have developed a test consisting of two stages of analysis." *Kronick v. Bebe Stores, Inc.*, 2008 U.S. Dist. LEXIS 78502 at *3 (D.N.J. 2008).

Plaintiff bears the burden of satisfying the similarly situated standard, and if he or she does so, then the court grants conditional certification of the collective action for the purpose of sending notice to the potentially effected employees (or former employees) and conducting discovery concerning the opt-in plaintiffs. *Herring v. Hewitt Associates, Inc.*, 2007 WL 2121693, *3,4 (D.N.J. 2007)(noting a stage one finding "establishes nothing more than the right of the plaintiffs to establish a collective action."). "In the second stage, after more evidence is available, the court makes a final determination as to whether the plaintiff is similarly situated to the rest of the class." *Kronick*, 2008 U.S. Dist. LEXIS 78502 at *4.

Courts in the Third Circuit are divided on the appropriate level of proof for a stage one determination that potential collective action members are similarly situated.  As ably summarized in *Kuznyetsov v. West Penn Allegheny Health System, Inc.*, under a more relaxed standard, "preliminary certification is granted upon a mere allegation that the putative class members were injured by a single policy of the defendant employer. *Goldman v. Radio Shack Corp.*, 2003 WL 21250571, at *8 (E.D.Pa. 2003). . . Other courts apply a more exacting, yet still relaxed, test requiring the plaintiffs to show a modest factual nexus between their situation and that of the proposed class members. *Aquilino v. Home Depot, Inc.*, 2006 WL 2583563 at *2 (D.N.J. 2006)."  WL 1515175, at *2 (W.D.Pa. 2009).

Under the FLSA, certain employees are exempt from overtime payments.  Employees who are involved in either "administrative work" or "outside sales" are exempt from the FLSA requirement of overtime pay.  29 C.F.R. §§ 541.200, 541.500.  An employee falls under the administrative exemption when the employee's "primary duty includes the exercise of discretion and independent judgment with respect to matters of significance."  29 C.F.R. § 541.200(a)(3).  An employee meets an outside sales exemption when the employee's "primary duty" consists of "making sales" and is "customarily and regularly engaged away from employer's place or places of business in performing such primary duty."  29 C.F.R. §

541.500. Defendant argues that because loan officers possibly fall under either the administrative exemption or the outside sales exemption, they are therefore, not "similarly situated" as required under the FLSA for conditional certification.

Regardless of both parties' arguments, the Third Circuit has held that "[a]t the reconsideration phase, after potential class members have filed their consents to opt in and after there has been further discovery to support the plaintiffs' allegations, a district court may revoke conditional certification if the proposed class does not meet FLSA's 'similarly situated' requirement." *Ruhel v. Viacom, Inc.*, 500 F.3d 375, 388 n.17 (3d Cir. 2007). The Third Circuit endorsed the use of balancing a number of factors to determine if indeed, after discovery, the plaintiffs are similarly situated. *Lockhart v. Westinghouse Credit Corp.*, 879 F.2d 43, 51 (3d Cir. 1989).[4] When evaluating, after discovery, if indeed plaintiffs were similarly situated to the named plaintiff, a district court should determine if they were all: (1) employed in the same corporate department, division or location; (2) advanced similar claims; and (3) sought substantially the same form of relied. *Id.* at 51.

---

[4]In *Starceski v. Westinghouse Elec. Corp.*, 54 F.3d 1089, 1099 n.10 (3d Cir. 1995), the Third Circuit recognized that *Lockhart* was effectively overruled on unrelated grounds by *Hazen Paper Co. v. Biggins*, 507 U.S. 604 (1993). However, the Third Circuit re-endorsed the use of the balancing factors in *Ruhel v. Viacom, Inc.*, 500 F.3d 375, 388 n.17 (3d Cir. 2007).

7

Thus, this is not, by any means, a final and permanent decision which has to be made before full discovery occurs.

Finally, the purposes of using this method of collective action should be repeated. "A collective action allows . . . plaintiffs the advantage of lower individual costs to vindicate rights by the pooling of resources. The judicial system benefits by efficient resolution in one proceeding of common issues of law and fact arising from the same alleged discriminatory activity." *Hoffman-La Roche v. Sperling*, 493 U.S. 165, 170 (1989). Once a collective action is filed, "the court has a managerial responsibility to oversee the joinder of additional parties to assure that the task is accomplished in an efficient and proper way." *Id.* at 170-71.

## III.

### A.

Defendant contends Plaintiffs have not yet met their initial burden of producing sufficient evidence that the named Plaintiffs and prospective class members are similarly situated for a stage one conditional certification. Along with their initial motion for conditional certification, Plaintiffs attached eight signed affidavits from the named Plaintiffs which detail their on the job duties, the over 40-hours worked in a week, particularly at the end of the month, supervisors' awareness of these extra hours

worked and finally lack of compensation for overtime. Each Plaintiff stated they knew these facts based upon their own personal observations of both themselves and their co-workers in Mt. Laurel, New Jersey and Irving, California. In addition, the two loan processors who are named Plaintiffs, Felicia Truitt (Attachment I) and Christina Olivieri (Attachment G), worked with loan officers in Nevada, Delaware, Florida, Georgia, Illinois, New York, Pennsylvania, and Virginia, in addition to California and New Jersey. Both loan processors stated that based on their personal knowledge and experience, the job duties and responsibilities of Loan Officers were uniform throughout Freedom's operation. Attachment I, 4. On August 10, 2009, Plaintiffs filed a second affidavit from Truitt which states she worked with branch loan officers and has personal knowledge that their basic job duties are identical to those of call center loan officers.

Defense relies upon *Armstrong v. Weichert Realtors* as indicative of the insufficiency of Plaintiffs' evidence in support of their motion for collective action. 2006 U.S. Dist. LEXIS 31351 (D.N.J. 2006). In *Weichert*, the Court found that a one page declaration of the named plaintiff did not provide information about "who is in the potential class and the basis for inferring that potential members are similarly situated." *Id.* at \*2. Other important details missing from the affidavit

9

included personal knowledge of other particular workers who had been harmed by the same company policy, mentions of any particular employees outside of the named plaintiffs' office or any facts regarding a company policy which allegedly violated the FLSA. *Id.* at \*3-5.

In comparison to the evidence presented in *Weichert*, Plaintiffs are clearly more specific about their personal knowledge of other particular workers, of their own job duties and finally of other potential class members. Their affidavits provide the "modest factual nexus between their situation and that of the proposed class members" so as to demonstrate conditional certification is warranted. *Aquilino*, 2006 WL 2583563 at \*2. Thus, while the Court would certainly require much more specific information at the secondary stage of certification, Plaintiffs have met the lenient standard of stage one.

**B.**

Defendant also raises a number of specific objections to the inclusion of loan officers, both branch and call center, as a subclass in the collective action. Freedom notes that Plaintiffs have not presented any affidavits from branch loan officers. Defendant also claims because both branch and call center loan

officers are allegedly exempt under the FLSA[5], that inclusion of them would create "[a]n expansion of discovery and litigation", cutting across the benefit of collective action-efficiency, Def. Letter Br., 7, and finally, that it would be unfair to the Defendant to force discovery on a group of plaintiffs who were not similarly situated. *Id.* at 5.

Defendant relies heavily on *Evancho v. Sanofi-Aventis U.S., Inc.* to support its contention that if plaintiffs are not similarly situated as to their status under the FLSA (i.e. exempt or not exempt), then they can not be similarly situated for collective action purposes. 2007 WL 4546100 (D.N.J. 2007). In *Evancho*, prospective plaintiffs were thousands of pharmaceutical representatives (PRs) who the defense alleged, supported by affidavits from some of the PRs, were not similarly situated because some of them fell into the administrative exemption. *Id.* at *4. The court in *Evancho* found these affidavits persuasive and determined the plaintiffs were not similarly situated for conditional certification purposes.

While there are certain similarities between *Evancho* and the case at bar, there are notable differences as well. First, while

---

[5] With regards to the branch loan officers, this allegation is supported only by a sworn statement from Jill Smith, who stated that branch loan officers performed "the vast majority of their job duties . . . off Freedom's premises." Def. Letter Br., 3. Defendant offers no other proof for the contention that branch loan officers qualify for the outside sales exemption.

the court in *Evancho* contemplated a prospective class of thousands, Plaintiffs in the instant matter, estimate a prospective class of hundreds. Furthermore, Freedom has not presented the court with any probative evidence or depositions which would lead the Court to conclude there are significant differences in status between branch and call center loan officers. Pl. Reply Letter Br., 4. Instead, Defendant relies upon the affidavit of Jill Smith to conclude that branch loan officer do the "vast majority of their job duties" "off Freedom's premises" even though, Smith is not a loan officer and has not proven first hand knowledge of branch loan officers' day-to-day routine. Thus, it would seem the case at bar is actually quite distinguishable from *Evancho*.

In *Ingram v. Coach USA, Inc.*, 2008 WL 281224 (D.N.J. 2008), plaintiffs wanted to conditionally certify a class of operations supervisors (14 in all) for Coach USA, a bus company, on allegations of no overtime payment. The court in *Ingram* determined that the defense's contention that all 14 were not similarly situated was "a merits argument" and it was "improper to consider that argument at this state since the case is before the Court only on a motion for conditional certification." *I d.* at *7; *see also Gjurovich v. Emmanuel's Marketplace, Inc.*, 282 F. Supp. 2d 101, 103 (S.D.N.Y. 2003) ("The ultimate determination regarding the merits of the case, and whether the class is

12

properly situated–which requires a more stringent inquiry–is made later in the litigation process after more thorough discovery.")(internal quotations omitted).  Although *Ingram* dealt with a much smaller class than is at issue in the instant case, its holding is sound and the outside sales and administrative exemptions lend themselves to efficient resolution during discovery and stage two certification.

### c.

Finally, Defendant claims the inclusion of both kinds of loan officers will defeat the purpose of collective class action and thwart Congress' intent in creating this statutory cause of action because "[a]n expansion of discovery and litigation to the outside sales exemption of branch loan officers . . . clearly goes against what the Supreme Court recognized as an important benefit of a collective action - efficiency." Def. Letter Br., 7.

In *Morisky v. Public Service Elec. and Gas Co.,* 111 F. Supp. 2d 493 (D.N.J. 2000), the district court determined a prospective class, made up of workers at a power plant whose jobs varied employee to employee, was not similarly situated to the named plaintiffs because, pursuant to the administrative exemption, each claim required a very fact-intensive analysis of each prospective class members' responsibilities.  *Id.* at 498; *see also Donihoo v. Dallas Airmotive, Inc.*, 1998 U.S. Dist. LEXIS

2318 at *4-5 (N.D. Tex. 1998) ("In deciding whether an employee fits into one of the many exempt categories delineated in the FLSA, the Court must conduct an inquiry into the employee's specific job duties. Such an inquiry is not appropriate in a class lawsuit under Section 216(b)."). However, in *Morisky*, even the named plaintiffs did not have the same job title or responsibilities as one another. One plaintiff was a Technical Analyst, while the other was a Designer, while the third was a Senior Staff Engineer. *Morisky*, 111 F. Supp. 2d at 495-96.

In contrast, in the case at bar, the plaintiffs do one of two jobs: loan officer or loan processor. There is no evidence that discovery would require person-by-person fact intensive inquiries for more than a handful of people. *Morisky* should be the exception, not the rule. Instructively, the court in *Herring* rejected the defense's contention that "a court must deny a motion for conditional certification and notice when determining whether the potential plaintiffs are similarly situated will require a highly-individualized and fact-specific analysis into the disparate factual and employment settings of each putative plaintiff." *Herring*, 2007 U.S. Dist. LEXIS 53278 at *16. Rather than accept this reasoning as a immediate denial of conditional certification as other courts have done, the court in *Herring* repeated that plaintiff "is not required to make a substantial showing . . . [and] courts employ a lenient standard" at this

14

phase in the process."  *Id.* at *17.

In sum, Plaintiffs' request for conditional certification passes both tests used in the Third Circuit.  All named plaintiffs make the same allegation of injury imposed by a single policy of the Defendant: no overtime payment.  All prospective class members also share a modest factual nexus in that they all work for Freedom Mortgage, have been expected to work over forty hours a week and have not been compensated for that overtime.

**IV.**

With regards to the prospective notice, the Court orders the inclusion of specific language regarding the statute of limitations.  No party requested this language be included, but district courts "may 'regulate their practice [authority to facilitate notice] in any manner not inconsistent with' federal or local rules." *Hoffman-La Roche, Inc.*, 493 U.S. at 172 (quoting Fed. R. Civ. P. 83).  Because the Court wishes to fully inform the prospective class members of all of their options, the following language shall be inserted in the prospective notice at the end of paragraph 7:

> "Your decision not to join this case will not affect your right to bring a similar case on your own at a future time. However, claims under the Fair Labor Standards Act must be brought within 2 years of the date the claim accrues, unless the employer's violation of the law was 'willful,' in which case the claim must be brought within 3 years."

*Gjurovich*, 282 F. Supp. 2d at 111.

**V.**

The *Ingram* court's reasoning is sound and this Court to adopts it for the instant case.  The Court conditionally certifies the class (including the branch loan officers), approves the notice prepared by the Plaintiffs with the Court-modified opt-in period, and requires the Defendant to produce contact information for prospective class members nationally.

November 2, 2009

    S/ Joseph E. Irenas

**JOSEPH E. IRENAS, S.U.S.D.J.**