```
            UNITED STATES DISTRICT COURT
               DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| JORGE GARCIA, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>FREEDOM MORTGAGE CORPORATION.<br><br>        Defendant. | HONORABLE JOSEPH E. IRENAS<br><br>CIVIL ACTION NO. 09-2668<br>            (JEI/KMW)<br><br>**OPINION** |

**APPEARANCES:**

WOODLEY & MCGILLIVARY
By:  Gregory K. McGillivary, Douglas L. Steel and Diana J. Nobile
1101 Vermont Ave., N.W.
Suite 1000
Washington, DC 20005
     and
PITTA & GIBLIN, LLP
By:  Vincent M. Giblin
120 Broadway
28th Floor
New York, NY 10271
        Counsel for Plaintiffs

MANDELBAUM, SALSBURG, LAZRIS & DISCENZA, P.C.
By:  William H. Healey and Phillip G. Ray
155 Prospect Avenue
West Orange, NJ 07052
        Counsel for Defendant

**IRENAS**, Senior District Judge:

    This matter comes before the Court on Plaintiffs' Motion for Class Certification of a New Jersey Class Pursuant to Federal Rule of Civil Procedure 23.  For the reasons set forth below,

Plaintiffs' motion will be denied.[1]

### I.

Plaintiffs are loan officers and loan processors that were employed by Defendant Freedom Mortgage Corporation. (Memorandum in Support of Plaintiffs' Motion For Class Certification ¶ 2) Defendant Freedom Mortgage Company is a lender licensed as a mortgage broker in all 50 states with more than 100 locations throughout the United States. (*Id.* at 4) Defendant's headquarters is located in Mount Laurel, New Jersey. (*Id.*) Plaintiffs claim that Defendant denied them proper overtime compensation. (*Id.*)

In order to generate business for its loan products, Defendant would purchase lists of potential customers. (*Id.* at 5). Defendant used an automated dialing system to dial these potential customers. (*Id.*) When a potential customer answered the phone, he or she would be automatically connected to a loan officer. (*Id.*) The loan officer would gather basic information about the potential customer, as well as access the potential customer's credit report. (*Id.* at 6) All of this information would be entered into Defendant's computer system, which would then indicate to the loan officer the potential customer's eligibility for different loan products. (*Id.*) The loan officer

---

[1] The Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331, 28 U.S.C. § 1337 and 28 U.S.C. § 1367(a).

would then advise the potential customer of the loan products for which they are eligible, as well as the available interest rates. (*Id.*)  If the potential customer was interested in moving forward on a loan application following discussions with the loan officer, the potential customer would be passed along to a loan processor.  (*Id.*)  Loan officers were all compensated with a salary and a commission or bonus based on the number of closed loans for which they were responsible.  (*Id.*)

The loan processor would collect information related to the potential customer's compensation and tax history.  (*Id.*) The loan processor would then organize the potential customer's application and pass it along to the underwriter, who determined whether the potential customer would receive a loan.  (*Id.* at 7) If the underwriter needed any more information in coming to his or her decision, the loan processor would be responsible for gathering that information.  (*Id.*)  Once a loan was approved, the loan processor was also responsible for scheduling the closing and arranging the appraisal and title work.  (*Id.*)  Loan processors were all compensated with a salary and a bonus based on the number of closed loans for which they were responsible. (*Id.*)

Plaintiffs each assert that they regularly worked in excess of 40 hours per week without receiving overtime compensation. (*Id.*)

Plaintiffs filed their original Complaint on January 29,

2009, in the United States District Court for the Central District of California against Defendant.[2]  The Complaint has since been amended on numerous occasions.

Count One of the Fourth Amended Complaint asserts a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., for failure to properly pay overtime compensation to all the plaintiffs.  Count Two asserts a class action under the New Jersey Wage and Hour Laws ("NJWHL"), N.J.S.A. § 34:11-56a et seq, for failure to properly pay overtime compensation to the New Jersey Plaintiffs.  Count Three, Four and Five, brought by those Plaintiffs that were employed by Defendant in California, assert claims under the California Labor Code, California Unfair Practices Act and California Unfair Competition Laws, respectively.

The Court conditionally certified for the purposes of collective action under FLSA a class of employees of Defendant who served as loan officers and loan processors at any time from January 28, 2006 to November 2, 2009.  The Court approved notice for the potential class, ordered that such notice be mailed to potential class members, set the opt-in period for the class at 120 days, and ordered Defendant to provide contact information

---

[2] Upon joint stipulation, this case was transferred to the District of New Jersey on May 29th, 2009.  On September 18, 2009, the Court consolidated this case with an almost identical complaint, *Perry v. Freedom Mortgage Corp.*, No. 09-0856, and designated the *Garcia* Plaintiffs the named lead Plaintiffs in the case.

for all past and present loan officers and loan processors.

Of the 230 individuals that Plaintiffs sought to certify as a subclass of loan officers, 100 such loan officers filed opt-in consents for the FLSA action. (Declaration of Phillip G. Ray ¶ 20) Of the 119 individuals that Plaintiffs sought to certify as a subclass of loan processors, 20 such loan processors filed opt-in consents for the FLSA action. (*Id.* at 21)

On December 22, 2011, Plaintiffs filed the present motion.[3] Plaintiffs seek to certify a class under Rule 23(b)(3) divided into two subclasses:

> (1) All individuals who, at any time since January 28, 2007, have been employed in Defendant's Mount Laurel, New Jersey headquarters as Cell Center Loan Officers, and were not paid overtime compensation at one and one-half times their regular rate for each hour worked beyond forty (40) hours in a work week.

> (2) All individuals who, at any time since January 28, 2007, have been employed in Defendant's Mount Laurel, New Jersey headquarters as Loan Processors, and were not paid overtime compensation at one and one-half times their regular rate for each hour worked beyond forty (40) hours in a work week.

**II.**

Federal Rule of Civil Procedure 23 creates a two-prong

---

[3] On February 10, 2011, Defendant moved to decertify the FLSA collective action. Additionally, Plaintiffs and Defendant moved for partial summary judgment on the FLSA claims of the loan officers. As set forth in an opinion issued by this Court on even date herewith, each of those motions will be denied.

standard for class certification.  Rule 23(a) sets forth the "threshold requirements for all class actions."  *In re Mercedes-Benz Antitrust Litig.*, 213 F.R.D. 180, 183 (D.N.J. 2003).  Rule 23(b) describes the three categories of maintainable class actions within the Rule.  To succeed on a motion for class certification, the plaintiff must establish all four elements of Rule 23(a) and at least one of Rule 23(b).  *See Chiang v. Veneman*, 385 F.3d 256, 264 (3d Cir. 2004).

>Rule 23(a) requires:
>
>(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

Rule 23(b)(3) requires that "the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3).  These requirements are known as predominance and superiority.

The issue raised by a Rule 23 motion is whether a class action is an appropriate litigation vehicle, not whether a plaintiff will prevail on the merits of the case.  *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178 (1974); *Chiang*, 385 F.3d

at 269-70.  The Third Circuit has held that class certification is proper only after a "rigorous analysis" that all prerequisites of Rule 23 are met. *In re Hydrogen Peroxide Antitrust Litig.*, 552 F.3d 305, 309 (3d Cir. 2008) "[T]he requirements set out in Rule 23 are not mere pleading rules." *Id.*  "The decision to certify a class calls for findings by the court, not merely a threshold showing by a party, that each requirement of Rule 23 is met." *Id.* The Plaintiffs bear the burden of proving each element.  *Id.* at 311.

### III.

Plaintiffs argue that all of the elements of Rule 23 have been met.  Defendant, in turn, argues that the elements have not been met, and further argues that the Court should refuse to exercise supplemental jurisdiction over Plaintiffs' claims under the NJWHL.  Because the Court finds that the Plaintiffs have not met their burden to establish the superiority requirement of Ruler 23(b)(3), Plaintiffs' motion to certify will be denied.

The superiority element of Rule 23(b)(3) requires a court "to balance, in terms of fairness and efficiency, the merits of a class action against those of 'alternative available methods' of adjudication." *Georgine v. Amchem Prods.*, 83 F.3d 610, 632 (3d Cir. 1996).  Rule 23(b)(3) sets forth four nonexclusive factors which district courts should examine in determining superiority:

> (A) the class members' interests in individually controlling the prosecution or defense of separate actions;

>    (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
>
>    (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
>
>    (D) the likely difficulties in managing a class action.

The Court finds that the Plaintiffs have not shown that certification would be fair to the class members in light of the class members' individual interest in controlling the prosecution of their litigation.

The procedural posture of this case is somewhat unique. Plaintiffs first moved for certification of a collective action for the FLSA claims in July 2009. Plaintiffs' motion was granted in November 2009. The original opt-in period ended in March 2010, but was extended by order of this Court until September 2010. Plaintiffs did not move to certify a class under the NJWHL until December 2010, well after the opt-in period for the FLSA action had ended, thus providing the Court with certain information about the putative NJWHL class which is informative in rendering the present decision.

As noted *supra*, less than 44% of the putative loan officer class and less than 17% of the putative loan processor class have opted into the FLSA litigation. In this action, as in all other collective actions, class members might not opt-in for a number of reasons, such as a belief that the claim is spurious or a

desire not to enter into litigation against a current or former employer. In the absence of allegations or evidence of improper behavior towards the class members or defective notice, the Court need not question why the opt-in yield was so low in the present case. *Cf. De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 312-313 (3d Cir. 2003)(Reopening the opt-in period and requiring defendant to "make all reasonable efforts to provide notice" to potential class members after more than 20% of the notices were returned undeliverable). Regardless of the reasons for the putative class members' decisions not to opt-in, it is clear that a large number of such putative class members have an interest in the individual control of the prosecution of their FLSA claims.

This is of particular importance because, for purposes of the present case, a claim for unpaid overtime under the NJWHL is substantively identical to a claim for unpaid overtime under the FLSA. *See* 29 U.S.C. § 206(a); N.J.S.A. § 34:11-56a4.[4] Because of the legal similarities between claims under the FLSA and NJWHL

---

[4] The remedies available under the FLSA, though, are more expansive than those available under the NJWHL. In instances of bad faith, the FLSA includes a three year statute of limitations whereas the NJWHL's statute of limitations is two years in all instances. *See* 29 U.S.C. § 255, 260; N.J.S.A. § 34:11-56a25.1. The FLSA also allows for liquidated damages, whereas the NJWHL does not so provide. *See* 29 U.S.C. §§ 216(b), 260; N.J.S.A. § 34:11-56a25. Because of this, those putative class members that opted-in to the FLSA action would not gain additional remedies from class certification under the NJWHL. The only people who would receive additional remedies are those putative class members that did not opt-in to the FLSA claim (i.e., those class members that have already expressed an interest in the individual control of their litigation).

and the fact that both claims arise from the same set of operative facts, the Court must conclude that a party that seeks individual control over his or her FLSA litigation would also have an interest in the individual control of his or her NJWHL claim.  It would therefore be unfair to certify an NJWHL class and drag the putative class members into this Court when they have already demonstrated an interest to not be involved in this litigation.  Plaintiffs have not met the burden of showing that it would be fair to certify a class under the NJWHL, and the superiority requirement of Rule 23(b)(3) has not been met.  Accordingly, Plaintiffs' Motion will be denied.[5]

**IV.**

---

[5] Defendant also urges the Court to decline to exercise supplemental jurisdiction under 28 U.S.C. 1367(a).  District courts may decline to exercise supplemental jurisdiction where "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction."  28 U.S.C. § 1367(a).  Subsections (1) and (3) are not relevant here.  While the NJWHL claim might have a larger number of Plaintiffs than the FLSA claim, the Third Circuit has noted that predominance is not a numbers test, but rather a test of whether a state legal issue predominates over a federal legal issue.  It does not in this case, as the legal issues under state and federal law are nearly identical.  Therefore absent any compelling reasons for declining jurisdiction, the Court will not decline to exercise supplemental jurisdiction over Plaintiffs' claims under the NJWHL.

    For the reasons set forth above, Plaintiffs' Motion for Class Certification of a New Jersey Class Pursuant to Federal Rule of Civil Procedure 23 will be denied. An appropriate Order accompanies this Opinion.

Dated: June 10, 2011

                                                <u>s/ Joseph E. Irenas</u>
                                                **JOSEPH E. IRENAS, S.U.S.D.J.**